[876 NYS2d 582]

In the Matter of EDWARD J. LEICHTNER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 20, 2009

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Edward J. Leichtner,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 26, 1992, and maintains an office for the practice of law in Penfield. The Grievance Committee filed a petition charging respondent with acts of misconduct including neglecting client matters, making misrepresentations to clients and failing to comply with rules regarding the maintenance of client funds and required records. Respondent did not file an answer to the petition, but he appeared before this Court and submitted matters in mitigation.

We deem the allegations in the petition to be admitted, and we find that respondent neglected the matters of two clients, made misrepresentations to clients and to the Grievance Committee during its investigation, made inappropriate comments to a client regarding the client's daughter, failed to maintain a balance in his trust account sufficient to cover his liabilities to clients, disbursed funds from his trust account in payment of personal expenses, issued checks and made disbursements on behalf of clients against trust account funds in excess of the amount of funds that he had on deposit for those clients, failed to comply with attorney registration requirements and failed to cooperate with the investigation of the Grievance Committee.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating funds belonging to another person that are in his possession incident to his practice of law;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and to render appropriate accounts to the client or third person regarding them; and

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2])—failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed.

We have considered the matters submitted by respondent in mitigation, including that the trust account improprieties were the result of carelessness and poor record keeping and that no client was permanently deprived of any funds. We have also considered, however, that respondent previously received a letter of caution for similar misconduct and has expressed no remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year and until further order of the Court.

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of suspension entered.